## Case No. 16,879.

### In re VAN TUYL.

[3 Ben. 237; 2 N. B. R. 579 (Quarto, 177); 1 Chi. Leg. News, 326.] [1]

District Court, S. D. New York.  May 12, 1869.

EXAMINATION OF BANKRUPT'S WIFE—FAILURE TO ATTEND—DISCHARGE.

Where an order was made by a register requiring the attendance of a bankrupt's wife before him, to be examined in relation to the bankruptcy, which order was served on the bankrupt, but not on his wife, and she failed to attend: *Held*, that, unless the bankrupt should prove, to the satisfaction of the court, that he was unable to procure her attendance, the register would not be warranted in certifying conformity, and the bankrupt would not be entitled to his discharge.

During the proceedings in this case, the register, on the 4th of September, 1868, issued an order requiring the wife of the bankrupt to attend before him, and be examined in relation to the bankruptcy.  She did not obey. The register thereupon certified to the court the questions, whether the order was properly granted, and whether, the order having been served upon the bankrupt, but not upon his wife, the bankrupt could obtain a discharge, in the absence of proof that he was unable to procure his wife's attendance.

[Opinion of I. DAYTON, Register:

[The twenty-sixth section of the bankrupt act provides that "for good cause shown, the wife of any bankrupt may be required to attend before the court to the end that she may be examined as a witness." The undersigned considered that good cause for requiring the wife of the bankrupt in this case to attend to be examined as a witness, was shown by the answers given by the bankrupt on his examination, to the questions put to him on the part of the assignee and the examining creditors, and by the affidavit of B. F. Watson, made in this bankruptcy on the eleventh day of June, 1868. The wife of the bankrupt having been required to attend before the court to the end that she might be examined as a witness, and not attending at the time and place specified in the order, by the express provisions of the twenty-sixth section of the statute, the bankrupt is not entitled to

a discharge unless he proves to the satisfaction of the court that he was unable to procure the attendance of his wife. In the opinion of the undersigned, the wife of the bankrupt is required to attend before the court to be examined as a witness, when the order is made and served upon the bankrupt, and the witness fee for the attendance of his wife paid to him. The bankrupt then becomes amenable to the penalty prescribed by this provision of the statute, and, if his wife fails to attend to be examined, the court must refuse a discharge, unless the bankrupt prove that he was unable to procure the attendance of his wife.] [2]

BLATCHFORD, District Judge.  The order requiring the wife of the bankrupt to attend and be examined was properly granted. As the bankrupt was advised of the making of the order prior to the time specified in it for the attendance of his wife, and as she did not attend at the time and place specified in the order, the bankrupt is not entitled to a discharge, unless he shall prove, to the satisfaction of the court, that he was unable to procure the attendance of his wife. Until he does that, the register is not warranted in certifying conformity.

[1] [Reported by Robert D. Benedict. Esq., and here reprinted by permission. 1 Chi. Leg. News, 326, contains only a partial report.]

[2] [From 2 N. B. R. 579 (Quarto, 177).]

